T.C. Summary Opinion 2010-76

UNITED STATES TAX COURT

EDMUND DOUGLAS ROBERTS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2716-09S.                    Filed June 17, 2010.

Edmund Douglas Roberts, pro se.

Kimberly A. Kazda, for respondent.

RUWE, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $10,482.75 deficiency in petitioner's 2005 Federal income tax and a $1,670.30 addition to tax under section 6651(a)(1).  After concessions by respondent,[2] the issues for decision are:  (1) Whether petitioner is entitled to a charitable contribution deduction of $28,855;[3] and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely file his 2005 Federal income tax return.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.  At the time the petition was filed, petitioner's mailing address was in California.

Petitioner's 2005 Federal income tax return was filed in June 2007, more than 13 months after it was due.  For 2005 petitioner claimed, on Schedule A, Itemized Deductions, a $200 cash charitable contribution, which he described as donations to panhandlers and the Salvation Army, and $28,655 of noncash

---

[2]Respondent initially disallowed a $1,843 deduction for local taxes paid and a $16,092 deduction for real estate taxes. By stipulation respondent concedes that petitioner is entitled to these deductions.

[3]On line 18 of the 2005 Schedule A, Itemized Deductions, petitioner claimed a charitable contribution deduction of $30,655.  However, this figure appears to be a miscalculation since its components consist of claimed cash gifts of $200 and noncash gifts of $28,655.  Thus, the correct total gifts to charity claimed by petitioner is $28,855.

charitable contributions. Included with his 2005 Federal income tax return was a self-prepared substitute Form 8283, Noncash Charitable Contributions, in which petitioner claims to have contributed more than 450 items of property consisting primarily of used clothing, but also including, among other things, towels, bedsheets, books, costume jewelry, children's toys, and glass lamps. Petitioner's descriptions of the items of property allegedly contributed to charity are vague and include self-assigned estimates of their values. Petitioner also provided copies of five receipts from Goodwill Industries (Goodwill) dated January 9, April 13, May 18, September 16, and October 1, 2005. Only one of the receipts bears a signature indicating that the donated items were received by Goodwill, and the receipts provide nothing more than vague references to the items allegedly donated; e.g., "men's boots", "ladies' clothes", "men's clothes", "boy's clothes", "women's clothing", and "4 bags of clothes".

On October 29, 2008, respondent issued a notice of deficiency to petitioner determining a deficiency of $10,482.75 and an addition to tax of $1,670.30 under section 6651(a)(1). The deficiency is based on disallowed itemized deductions. Respondent's determination to disallow petitioner's claimed charitable contribution deduction was generally based on respondent's assertion that petitioner had failed to adequately substantiate the items claimed as charitable contributions.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner in certain circumstances if the taxpayer introduces credible evidence and establishes that he substantiated items, maintained required records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). Petitioner has neither asserted that the burden of proof has shifted to respondent nor provided adequate substantiation of the alleged charitable contributions claimed on his 2005 Federal income tax return; therefore, the burden of proof remains with petitioner.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he is entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he is entitled to the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

In general, section 170(a) allows as a deduction any charitable contribution the payment of which is made within the

taxable year.  Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1); Hewitt v. Commissioner, 109 T.C. 258, 261 (1997), affd. without published opinion 166 F.3d 332 (4th Cir. 1998).

Cash Charitable Contributions

A cash contribution to charity made on or before August 17, 2006, in an amount less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution.[4]  Alami El Moujahid v. Commissioner, T.C. Memo. 2009-42; sec. 1.170A-13(a)(1), Income Tax Regs.

With respect to the claimed $200 of cash contributions to charity, petitioner has failed to offer anything more than his self-serving testimony that he made various donations to panhandlers and the Salvation Army.  The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Petitioner did not offer any canceled

---

[4]There are now stricter requirements for cash contributions to charity.  Sec. 170(f)(17).  No deduction for a contribution of money in any amount is allowed unless the donor maintains a bank record or written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution.  Id.  This new provision is effective for contributions made after Aug. 17, 2006.  Pension Protection Act of 2006, Pub. L. 109-280, sec. 1217, 120 Stat. 1080.

checks, receipts, or other reliable evidence to substantiate the claimed $200 of cash contributions to charity.  Accordingly, we sustain respondent's determination to deny to petitioner a deduction for the claimed $200 of cash contributions to charity.

Noncash Charitable Contributions

For charitable contributions made in property other than cash, the value of the contribution is generally the fair market value at the time of contribution.  Hewitt v. Commissioner, supra at 261; sec. 1.170A-1(c)(1), Income Tax Regs.  The fair market value of the property contributed is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts.  Sec. 1.170A-1(c)(2), Income Tax Regs.

Generally, for noncash charitable contributions of property, a taxpayer must maintain for each contribution a receipt from the donee showing the name of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstance.  Sec. 1.170A-13(b)(1), Income Tax Regs.  The rules are modified, however, for a contribution of an item of property where the amount claimed or reported as a deduction under section 170 with respect to such item exceeds $5,000.  Sec. 1.170A-13(c)(1)(i), Income Tax Regs. In this respect an item of property is the aggregate amount

claimed or reported as a deduction for a charitable contribution under section 170 for such items of property and all similar items of property by the same donor for the same taxable year (whether or not donated to the same donee). Id. The phrase "similar items of property" means property of the same generic category or type, such as clothing, toys, and jewelry. Sec. 1.170A-13(c)(7)(iii), Income Tax Regs. A donor who claims or reports a charitable contribution deduction for an item of property that exceeds $5,000 in value generally must obtain a qualified appraisal for the contributed property, attach a fully completed appraisal summary to his tax return on which the deduction for the contribution is first claimed (or reported) by the donor, and maintain records containing, inter alia, the name and address of the donee organization, the date and location of the contribution, a description of the property in detail reasonable under the circumstances, and the fair market value of the property at the time the contribution was made, including the method used in determining the fair market value. Sec. 1.170A-13(c)(2), Income Tax Regs.; see also sec. 1.170A-13(b)(2)(ii), Income Tax Regs.

The receipts and the self-prepared substitute Form 8283 that petitioner submitted to substantiate the noncash charitable contributions do not meet the statutory requirements. Petitioner's substitute Form 8283 does not indicate the dates on

which the items were allegedly contributed to charity, nor does it indicate the identity of any donee organization.  Moreover, petitioner has neither attached to his Federal income tax return nor proffered an appraisal summary to establish the values of the items allegedly donated.  In fact, when asked how he determined the values of the items reported on his substitute Form 8283, petitioner responded:

> That's determined by looking at going shopping, looking at the ads when I purchase clothes, cutting it as by some value depending upon the wear.  When my children were young I would buy the, you know, I'd buy my daughter a brand-new dress and she'd wear it two or three times and grow out of it.  So it'd still have a lot of value in it.  So it depends upon the condition of the materials, an estimate.

Furthermore, the copies of the five receipts from Goodwill neither reconcile with petitioner's substitute Form 8283 nor provide anything more than vague descriptions of the items donated.  Accordingly, we find that petitioner has failed to establish, by proper and adequate substantiation, entitlement to a charitable contribution deduction for the noncash items he claims to have donated to charity.  We therefore sustain respondent's determination to deny petitioner a deduction for noncash contributions to charity.

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to file a return on the date prescribed therefor (determined with regard to any extension of time for filing),

unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 7491(c) generally provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax. The Commissioner may meet his burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner filed his 2005 Federal income tax return more than 13 months after its due date. Petitioner has neither offered any explanation for the tardiness of his 2005 Federal income tax return nor established that he had been granted an extension of time to file. Thus, not only has respondent met his burden of production with respect to the addition to tax under section 6651(a)(1), but also petitioner has failed to establish that his late-filed 2005 Federal income tax return was due to reasonable cause and not due to willful neglect. Accordingly, we sustain the section 6651(a)(1) addition to tax but note that the section 6651(a)(1) addition to tax computation must be adjusted to reflect respondent's concessions.

To reflect the foregoing,

Decision will be entered under Rule 155.